CLARK, Justice,
concurs with additional reasons.
|TI believe the dissent falls into legal error in several respects and I write separately to respond to those issues. While the subsequent purchaser rule is a jurisprudential creation, the opinion goes to great lengths to show that its application is based squarely on property law and the law of obligations. Although Clark v. J.L. Warner & Co., 6 La.Ann. 408 (1851) is the first expression of the concept, the rule is derived from the operation of basic property and obligations law.
The dissent, like the court of appeal on rehearing and several other appellate courts, cites part of the discussion of accessory rights in Prados v. South Central Bell Tel. Co., 329 So.2d 744 (La.1975), as its holding, i.e. “The general principle, we think, is that a buyer is presumed to know the overt condition of the property and to take that condition into account in agreeing to the sales price.” Id., 329 So.2d at 751. However, as explained in the opinion, the authority for this |2statement was a passage in Aubry and Rau discussing accessory rights. See 2 Aubry & Rau, Louisiana Civil Law Translations: Droit Civil Francais, § 176, p. 76 (7th ed.1961). In Prados, this court rejected the viewpoint of Aubry and Rau on accessory rights as applicable to that case, holding instead, with no less an authority than Planiol, that “[p]ersonal rights belonging to the seller can never be considered as accessories of the immovable sold.” Prados, 329 So.2d at 750.
The additional citation to Aubry and Rau cited in the dissent omits the first sentence of that paragraph. The first sentence of the paragraph shows that what was actually under discussion was which rights should be considered accessory when property is sold with an existing lease. The entire paragraph states:
*290 The opinion of Aubry and Rau that the buyer of a leased immovable can not force the current lessee to carry out the conditions of the lease, even if he has no means to evict him, has not prevailed. There is no doubt that an action for rescission [of the lease] or in damages because of circumstances occurring before the sale such as changes in the premises or an unauthorized assignment of the lease, is not transferred to the buyer. But an action on grounds of excessive deterioration should pass on to the buyer, at least if this circumstance was not taken into account when the sales price was set. Aubry & Rau, § 176, p. 76 (fn.omitted)(emphasis added).
In addition, one of the footnotes omitted from this paragraph in the dissent defines the concept of “excessive deterioration” as “affecting the substance of the immovable.” Aubry & Rau, § 176, p. 76, n.ll. I would posit that damage “affecting the substance of the immovable,” especially if “not taken into account when the sales price was set,” if not apparent, would constitute a redhibitory defect. Although the dissent discusses an interesting point about accessory rights, this court already rejected the idea that the personal rights of the seller could ever be considered accessory rights to the sale.
With regard to the 'reliance on Justice Tate’s dissent in Prados, Justice Tate believed “[a]n ordinary lease contract includes both real and personal rights and [¡¡obligations, ....” Prados, 329 So.2d at 751 (Tate, J. dissenting). Thus, he found the expired lease contained a real obligation. With all due respect, the majority properly found this viewpoint to be incorrect, as the lease contained only personal rights and obligations between the contracting parties. Insofar as Justice Tate believed the obligation arose by reason of a codal provision, the majority found the contracting parties provided otherwise in the terms of the lease contract.
Moreover, any reliance on this court’s prior holding in Hopewell, Inc. v. Mobil Oil Co., 2000-3280 (La.2/9/01), 784 So.2d 653, as support for the plaintiffs position here is misplaced. While the Hopewell case presented significant distinctions from the facts in Prados, those distinctions were not fleshed out in either the per curiam which was rendered or in a full opinion. Based on the analysis presented here, the Hopewell opinion, insofar as it stands for the proposition that Prados should be limited to damage claims against former lessees or where damage to property is apparent, is expressly renounced.
Additionally, I believe the dissent’s embrace of the analysis by the court of appeal on rehearing is a case of the tail wagging the dog. The analysis focuses on when the cause of action arises, rather than whether the plaintiff has the right to assert the cause of action. Moreover, I believe the rule expressed by the court in Roman Catholic Church of the Archdiocese of New Orleans v. La. Gas Service Co., 618 So.2d 874 (La.1993) is one for the calculation of the amount of damages. As such, I do not believe this case has a place where the focus of the discussion is whether a right of action may be asserted. A party must have a right to an award of compensatory damages before we need determine the proper method of calculation.
Finally, the dissent bases its conclusion on an implicit recognition of a right [4of action within La. C.C. art. 3493. I do not believe that a right of action can be read into a codal article regarding the commencement of prescription. Yet even if this could be done, I believe the prescription articles reflect a legislative determination which rejects imprescriptible torts. As seen in this case, the owners of the *291 property had the unfettered use of the property for 20 years before filing the instant suit. The legislature has addressed the issue of long-term contamination of property by enacting the laws on property remediation. In the absence of further legislative enactments in this area, any judgment by this court that would supply a right of action under these circumstances would be improper.